FILED
U.S. DISTRICT COURT
EASTERN DISTRICT OF LA

2006 FEB 15  PM 4: 28

LORETTA G. WHYTE
CLERK

# UNITED STATES  DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **MICHAEL E. WILLIAMS** | **CIVIL ACTION** |
| **VERSUS** | **NO. 04-3068** |
| **CHARLES C. FOTI JR., ET AL** | **SECTION "I" (4)** |

## REPORT AND RECOMMENDATION

This matter was referred to a United States Magistrate Judge to conduct a hearing, including an Evidentiary Hearing, if necessary, and to submit proposed findings and recommendations for disposition pursuant to **Title 28 U.S.C. § 636(b)(1)(B) and (C), § 1915e(2), and § 1915A**, and as applicable, **Title 42 U.S.C. § 1997e(c)(1) and (2)**.  Upon review of the record, the Court has determined that this matter can be disposed of without an Evidentiary Hearing.

### I.     Factual and Procedural Background

The plaintiff, Michael E. Williams ("Williams"), was housed in the Orleans Parish Prison system ("OPP") at the time of the filing of this complaint.[1]  Williams filed this *pro se* and *in forma pauperis* complaint pursuant to Title 42 U.S.C. § 1983 against the defendants, former Orleans Parish Criminal Sheriff Charles C. Foti, Jr., former Interim Sheriff William Hunter, Mayor Ray Nagin,

---

[1]Dorsey was incarcerated in the Dixon Correctional Institute at the time of the filing of the complaint. Rec. Doc. No. 1.



Fee_____
Process_____
Dktd_____
CtRmDep_____
Doc. No_____

former Mayor Marc Morial, and OPP Medical Administrator J. Hamm.  Williams alleged a myriad

of constitutional violations in his original and amended complaints arising from the conditions at

OPP:

(1)    an inadequate number of security guards creates a safety and security risk;
(2)    the prison officials have failed to remove knives from inmates on his tier which resulted in the plaintiff being stabbed and assaulted on July 6, 2004 and September 28, 2004;
(3)    plaintiff received whiplash while being transported by van to the medical observation unit on July 6, 2004;
(4)    he was not examined for his injuries for over one month;
(5)    OPP has inadequate access to law books or copies of legal documents;
(6)    the grievance process at OPP does not meet legislative standards;
(7)    commissary prices are inflated;
(8)    the classification system is inadequate;
(9)    the OPP buildings are old and unsafe;
(10)   OPP has inadequate seating during meals for the number of inmates;
(11)   the toilets are located too close to the eating areas;
(12)   the mattress issued to plaintiff caused him to get a staff infection;
(13)   plaintiff was not issued a blanket when he arrived at OPP on January 20, 2004;
(14)   OPP has no heating or central air system;
(15)   the juice served at OPP may be toxic;
(16)   the meals served are nutritiously inadequate and served cold;
(17)   the inmates serving food are not medically certified;
(18)   the manner of food service and the utensils used are unsanitary;
(19)   the medical and dental services at OPP are inadequate;
(20)   the pipes are made of lead which contaminates the inmates' drinking water;
(21)   OPP has inadequate fire safety equipment;
(22)   OPP does not provide adequate communication and visitation for inmates;
(23)   the visitation is on the tier where the visitors are exposed to murders, rapists and robbers which endanger them;
(24)   the regular and legal mail systems at the prison are inadequate.

As redress for these alleged constitutional violations, Williams requests both monetary damages and

injunctive relief.

On December 9, 2004, the Court ordered that issuance of the summons be withheld pending

its statutory review for frivolousness.  Shortly thereafter, on January 11, 2005, retained counsel,

Juana Marine, enrolled on behalf of Williams.  Since that time, all of the mail addressed to the

plaintiff at his prison address has been returned to the Court.[2]  Further, counsel has not filed any pleadings nor has she requested issuance of the summons previously withheld by the Court.

As a result, on August 11, 2005, the Court issued a Rule to Show Cause requiring plaintiff to show cause why the complaint and amended complaint should not be dismissed for the plaintiff's failure to serve within 120 days of the filing as required under Fed. R. Civ. P. 4(m).  The plaintiff has not responded to that order nor otherwise contacted the Court.

## II.    Standards of Review

### A.    Failure to Serve

A plaintiff is required to serve the defendant with summons and complaint within 120 days of the filing of the complaint.  Fed. R. Civ. Pr. 4(m).  If service of the summons and complaint is not made upon a defendant within 120 days after the filing of the complaint, the court shall *sua sponte* dismiss the action without prejudice or direct that service be effected within a specified time, provided that, if the plaintiff shows good cause for the failure, the court shall extend the time for service for an appropriate period. *Bann v. Ingram Micro, Inc.*, 108 F.3d 625, 626 (5th Cir. 1997). When process has not been properly served on a defendant, dismissal of the complaint itself is inappropriate where there exists a reasonable prospect that service may be obtained. *Amous v. Trustmark National Bank*, 195 F.R.D. 607, 610 (N.D. Miss. 2000) (*citing Umbenhauer v. Woog*, 969 F.2d 25, 30 (3d Cir. 1992)).

### B.    Failure to Prosecute

Rule 41(b) of the Federal Rules of Civil Procedure specifically provides that a court may, in its discretion, dismiss a plaintiff's claim for failure to prosecute or for failure to comply with the

---

[2]*See* Docket Entries dated January 18, 2005, January 24, 2005, and February 1, 2005.

Federal Rules of Civil Procedure or any order of the court.  A Rule 41(b) dismissal is considered an adjudication on the merits.  Fed. R. Civ. P. 41(b).  In determining whether to dismiss a claim, courts have traditionally considered the extent to which the plaintiff, rather than his counsel, has been responsible for any delay or failure to comply with a rule or order.  *See e.g. Silas v. Sears, Roebuck & Co.*, 586 F.2d 382 (5th Cir. 1978); *Ramsay v. Bailey*, 531 F.2d 706 (5th Cir. 1976).

### III.    Analysis

The record shows that the Court specifically ordered Williams to show cause why this matter should not be dismissed for failure to comply with the service requirements set forth in Fed. R. Civ. P. 4(m).  Neither Williams nor his retained counsel have responded to that order or made any attempt to initiate service when clearly given the opportunity to do so.  Williams has failed to in anyway pursue prosecution of this case.

Accordingly, dismissal of Williams's complaint is proper under both **Fed. R. Civ. P. 4(m)** and **Fed. R. Civ. P. 41(b)** for his failure to prosecute and serve summons in this case.

### IV.    Recommendation

It is therefore **RECOMMENDED** that Williams's Title 42 U.S.C. § 1983 complaint be **DISMISSED WITHOUT PREJUDICE** for failure to prosecute under Fed. R. Civ. P. 41(b) and Fed. R. Civ. P. 41(b).

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation **within ten (10) days** after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court,

provided that the party has been served with notice that such consequences will result from a failure to object. *Douglass v. United Services Automobile Association,* 79 F.3d 1415, 1430 (5th Cir. 1996).

New Orleans, Louisiana, this ___16th___ day of ___February___, 2006.

_____
**KAREN WELLS ROBY**
**UNITED STATES MAGISTRATE JUDGE**
